IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEPICHIAN ALDRICH,<br>    **Plaintiff,** | CIVIL ACTION |
| **v.** | |
| STATE FARM INSURANCE COMPANY<br>AND BOB JOHNSTON INSURANCE<br>AGENCY, INC.,<br>    **Defendants.** | NO.  22-585 |

## MEMORANDUM OPINION

Plaintiff Allepichian Aldrich, a citizen of Pennsylvania, was the beneficiary on a life

insurance policy ("the Policy") issued by Defendant State Farm Life Insurance Company ("State

Farm")[1] to W. Jeffrey Bechtel ("Bechtel").  In 2009, Bechtel executed a form authorizing State

Farm to automatically debit his bank account for monthly premium payments (the "Automatic

Withdrawal Request").  Ten years later, Bechtel emailed Defendant Bob Johnston Insurance

Agency, Inc. ("Johnston Insurance") on December 18, 2019, asking that no more payments be

deducted from his account.  Johnston Insurance stopped the payments the next day.  As a result,

a premium payment scheduled for December 22, 2019 was not made.  Johnston Insurance also

informed Bechtel that to cancel the Policy, it would need his signature.  Bechtel never signed

anything.  He passed away on January 13, 2020.  A State Farm Life Claims agent informed

Plaintiff that the Policy was paid only through December 3, 2019, and had lapsed on January 8,

2020.[2]  Therefore, State Farm considered that the Policy was not in force on the date of death

---

[1] The Complaint named as a defendant "State Farm Insurance Company," but in its Notice of Removal, State Farm observed that this was an error, as its proper name is "State Farm Life Insurance Company."

[2] The email states that the Policy lapsed on January 8, 2019, but that appears to be a typo.

and refused to pay death benefits to Plaintiff.

Plaintiff brought suit against State Farm and Johnston Insurance for breach of contract, conversion, and bad faith.[3]  Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1441, 1446, and asserted that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff filed a Motion to Remand on the grounds that the Defendants are not diverse because State Farm and/or Johnston Insurance should be considered citizens of Pennsylvania, like her. For the reasons that follow, Plaintiff's Motion will be granted.

## I.   DISCUSSION

### A.  Citizenship of State Farm

"By statute, a defendant has the right to remove a civil action from state court if the case could have been brought originally in federal court." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006) (citing 28 U.S.C. § 1441(a)).  "For a removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *Id*.  For the purpose of determining diversity jurisdiction, a corporation is typically deemed to be a citizen of both the state in which it was incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

The Complaint alleges that "State Farm Insurance Company is a corporation existing under the laws of the State of Illinois, having a place of business in the Commonwealth of Pennsylvania" at the same address as Johnston Insurance.  In its Notice of Removal, State Farm maintains that its principal place of business is in Illinois, not Pennsylvania.  Plaintiff does not

---

[3] The Complaint does not specify the basis for Plaintiff's bad faith claim.  Defendant interprets it as under 42 Pa. C.S. § 8371, which authorizes a court to provide relief if an insurer acts in bad faith toward the insured.

dispute this correction to the facts.  Instead, she argues that there is no diversity of citizenship

because State Farm is a citizen of Pennsylvania pursuant to 28 U.S.C. § 1332(c)(1)(A), which

provides:

> [I]n any ***direct action*** against the insurer of a policy or contract of liability
> insurance, whether incorporated or unincorporated, to which action the
> insured is not joined as a party-defendant, such insurer shall be deemed a
> citizen of—(A) every State and foreign state of which the insured is a
> citizen.

*Id.* (emphasis added).  Plaintiff maintains that, because Bechtel is not a defendant in this suit, this

provision operates to render State Farm a citizen of Bechtel's home state (prior to his decease),

Pennsylvania, for purposes of jurisdiction.  This would render State Farm non-diverse because

Plaintiff is also a citizen of Pennsylvania.

"[A] 'direct action,' as that term is used in § 1332(c), does not exist 'unless the cause of

action against the insurance company is of such a nature that the liability sought to be imposed

could be imposed against the insured.'"  *McGlinchey v. Hartford Accident & Indem. Co.*, 866

F.2d 651, 653 (3d Cir. 1989).  For example, the "direct action" provision applies when the

insurer is acting as the "payor of a judgment based on the negligence of one of its insureds."

*Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir. 1988).  *See also Shiffler v. Equitable*

*Life Assur. Soc.*, 838 F.2d 78, 82 n.5 (3d Cir. 1988) (Section 1332's "direct action" provision "is

intended to be applicable in situations in which traditionally an insured would be a defendant but

because of a modification of tort law or for some other reason the insurer is the defendant in its

place.").

This suit is not a "direct action."  State Farm is not standing in Bechtel's stead.  Plaintiff

does not allege that State Farm must pay for Bechtel's negligence—she alleges that State Farm

has wrongfully refused to pay out benefits due to her under the Policy.  Therefore, Section

3

1332(c)(1) does not cloak State Farm in Bechtel's Pennsylvania citizenship.  As a citizen only of

Illinois, State Farm is a diverse defendant.

### B.  Citizenship of Johnston Insurance

In its Notice of Removal, Defendants asserted that this Court has diversity jurisdiction

because Johnston Insurance, which is an undisputed citizen of Pennsylvania, was fraudulently

joined to the action.  "The doctrine of fraudulent joinder represents an exception to the

requirement that removal be predicated solely upon complete diversity."  *In re Briscoe*, 448 F.3d

at 215-216.  "In a suit with named defendants who are not of diverse citizenship from the

plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse

defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction."  *Id.* at

216.

"[J]oinder is fraudulent if 'there is no reasonable basis in fact or colorable ground

supporting the claim against the joined defendant, or no real intention in good faith to prosecute

the action against the defendant or seek a joint judgment.'"  *Id.* (quoting *Abels v. State Farm Fire*

*& Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).  "[I]f there is even a possibility that a state court

would find that the complaint states a cause of action against any one of the resident defendants,

the federal court must find that joinder was proper and remand the case to state court."  *Id.* at 217

(quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992)).  The focus is on the

complaint at the time the petition for removal was filed.  *Id.* (quoting *Batoff*, 977 F.2d at 851-52).

The factual allegations of the complaint are taken as true and any uncertainties are resolved in

plaintiff's favor.  *Id.* (quoting *Batoff*, 977 F.2d at 851-52).

"[A] court can look to more than just the pleading allegations to identify indicia of

fraudulent joinder," but the analysis must not stray into the merits.  *Id.* at 219.  The analysis

should be restricted to "limited consideration of reliable evidence" in the record from prior

proceedings or which may be "properly subject to judicial notice." *Id*. at 220.  The standard is

lower than that applicable on a motion to dismiss.  *Id*. at 218 ("[I]t is possible that a party is not

fraudulently joined, but that the claim against that party ultimately is dismissed for failure to

state a claim upon which relief may be granted." (quoting *Batoff*, 977 F.2d at 852)).  At this

stage, the inquiry into state law should not be "penetrating."  *Batoff*, 977 F.2d at 853.  Joinder

will not be considered fraudulent unless the claims against the non-diverse defendant are "wholly

insubstantial and frivolous."  *In re Briscoe*, 448 F.3d at 218.

If a defendant's joinder was fraudulent, "the court can 'disregard, for jurisdictional

purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case,

dismiss the nondiverse defendants, and thereby retain jurisdiction.'"  *Id*. at 216 (quoting *Mayes v.

Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).  If not, the case must be remanded.  *Id*. (citing 28

U.S.C. § 1447(c)).  The removing party "carries a heavy burden of persuasion" because "removal

statutes are to be strictly construed against removal and all doubts should be resolved in favor of

remand."  *Id*. at 217 (quoting *Batoff*, 977 F.2d at 851).

The Complaint brings three claims against Defendants: breach of contract, conversion,

and bad faith.  The contract claim rests on allegations that Defendants "prematurely stopped the

automatic withdrawal" of Bechtel's premium payment on December 19, 2019, one day after he

requested them to stop payments.  Plaintiff avers that this caused the Policy to prematurely lapse,

in disregard of a provision in the Automatic Withdrawal Request requiring the insured to

"provide written notice of not less than ten (10) business days prior to terminating the automatic

withdrawal of monthly premiums," which Plaintiff interprets as a "clear prohibition on

terminating the Policy less than ten (10) business days before such request is made."[4]  Had the payments been stopped on December 28, ten days after Bechtel's request, the payment scheduled for December 22 would have gone through and the Policy would have been in a grace period at the time of Bechtel's death, entitling Plaintiff to death benefits.

The elements of a breach of contract claim are "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003).  Defendants argue that there is no colorable breach of contract claim against Johnston Insurance because it is not a party to the Policy, which was issued by State Farm, not Johnston Insurance.

Plaintiff does not allege that Defendants breached the Policy; she alleges that they breached the Automatic Withdrawal Request, the form Bechtel executed to authorize State Farm to automatically withdraw premium payments from his account.  It is not immediately clear from the Complaint whether Johnston Insurance was a party to that agreement—the Complaint makes no allegation either way and it was not attached as an exhibit.  Although the Complaint alleges that Bechtel authorized State Farm to automatically withdraw funds from his account, when it came time to stop the payments, Bechtel asked Johnston Insurance to do it and Johnston Insurance told him that it had done so.  Thus, Johnston Insurance exercised some control over the automatic payments that were the subject of the agreement.  Accordingly, though it may not survive more searching review, Plaintiff's breach of contract claim against Johnston Insurance cannot be said to be "wholly insubstantial and frivolous."

Because at least one of Plaintiff's claims against Johnston Insurance is "colorable," Johnston Insurance will not be dismissed from the case and the diversity of citizenship

---

[4] Presumably, Plaintiff meant "after" such request is made, not "before."

requirements of 28 U.S.C. § 1332 are not met.  The case must be remanded.  *In re Briscoe*, 448

F.3d at 216.

 An appropriate order follows.

**BY THE COURT:**

*/s/ Wendy Beetlestone*

**WENDY BEETLESTONE, J.**